*Minutes of Superior Court, letter F. p.* 460.

M'CASKILL *vs.* M'CASKILL.

CERTIORARI.

GEORGIA,
Chatham Co.
JAN. 1808.

M'Caskill
vs.
M'Caskill.

*Charlton,* Judge.

THE last will and testament of *Donald M'Caskill* being of-
fered for probate by the court of ordinary, that court con-
ceiving that the will exhibited some appearance of fraud or
forgery, referred it, together with certain affidavits, to Mr.
*Attorney General.* A bill of indictment was preferred against
*Samuel Kingsley,* the subscribing witness, who was charged
with forgery. *Kingsley* was tried and acquitted, and the jury
in addition to the verdict of " not guilty," gave it as their
opinion, that the signature to the will " was the handwriting
of the testator." After this trial *Abigail M'Caskill,* the exe-
cutrix, renewed her applications for the establishment of the
will, and upon the refusal of the court of ordinary to recog-
nise it as the last will and testament of *Donald M'Caskill,* her
testator, exceptions were taken to the determination of the
court, and a certiorari granted. The question now for the
opinion and decision of the court, is, whether there has been
such an error in the judgment of the court below, as to re-
quire the superintending constitutional power of this court,
by the writ of certiorari.

It is objected by *Lawson,* attorney for *Affy M'Caskill,* ca-
veator, and sister to the testator, that the executrix should
have entered her appeal. That the decision of the court
below cannot be affirmed or reversed by any determination
of this court on certiorari.

The 6th section of the 3d article of the constitution de-
clares, " there may be an appeal from the decision of the
court of ordinary to the Superior Court, under such restric-
tions and regulations as the General Assembly may by law
direct." This section, so far as it relates to the subject of
appeal, was carried into effect by an act of the General As-
sembly, passed December 7, 1805.

GEORGIA,
Chatham Co.
JAN. 1808.

M'Caskill
vs.
M'Caskill.

The decision of the court of ordinary, to which exceptions were taken, appears to have been on the 1st of March, 1802. It was therefore not in the power of the executrix to pursue her remedy by appeal ; the mode not having been designated by the legislature.    But if the section of the constitution had been carried into effect by an act of the General Assembly, antecedent to the 1st of March, 1802, still the writ of certiorari would have been the proper remedy for the correction of the error in the inferior judicatory.    The constitution places the writ at the disposal of a party, who supposes an error to have been committed in the court below ; and it cannot be innovated upon, or superseded by any legislative measures.    The party has now his election, either to apply for a certiorari upon the basis of error, or to appeal.    The judgment of this court upon the first must be error, or no error, upon the latter an affirmance or reversal of the inferior judicatory.

In the present case it appears to this court, that the court of ordinary committed an error, by their decision of the 1st of March, 1802, in rejecting the application of *Abigail M'Caskill*, for the establishment of the will of the testator, *Donald M'Caskill.*    This application was originally rejected, under an impression of that court that the will was a forgery ; and for the ascertainment of that fact they directed an issue.    It was tried in the solemn form of an indictment, and the fact of forgery repelled by the acquittal of *Kingsley*, and the special declaration of the jury.    This fact being ascertained in the only manner it could have been ascertained, should not again have been suggested as a difficulty to the establishment of the will, unless the court were satisfied as to the *insanity* of the testator, which does not appear in the transcript presented to this court.    Either party will be entitled to an appeal from any future decision of the court of ordinary on this case.

*Proceedings remanded.*

Lawson, for the certiorari.
Cuyler, against it.